UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 4:12-CV-1511 CAS |
| A.L.L. CONSTRUCTION, LLC, A Missouri limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER TO SHOW CAUSE**

This matter is before the Court on plaintiffs' motion for contempt. Plaintiffs' motion is accompanied by a memorandum in support and an affidavit of plaintiffs' counsel. For the following reasons, the Court will order the defendant, by its officer, to show cause why they should not be held in contempt of court for failing to comply with the Court's Order of October 25, 2012, which compelled an accounting and ordered defendant to provide certain documents within thirty (30) days.

**Background**

This is an action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a)(3)(ii) and 1145. The Complaint asserts that defendant A.L.L. Construction, LLC is bound by the provisions of a collective bargaining agreement that requires it to make monthly payments to the plaintiff employee benefit funds and to submit monthly report forms. Plaintiffs' Complaint seeks an accounting for the period from April 1, 2007 to date; judgment for unpaid

contributions and liquidated damages due; and to require defendant to make future payments in accordance with the terms of the collective bargaining agreement.

Defendant was served with summons and complaint on September 5, 2012, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. A Clerk's Entry of Default finding defendant in default under Rule 55(a), Fed. R. Civ. P., was issued on October 11, 2012 (Doc. 11). On October 25, 2012, the Court issued an Order compelling an accounting, which stated in pertinent part:

> **IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Order to Compel an Accounting is **GRANTED**. [Doc. 7]
>
> **IT IS FURTHER ORDERED** that defendant A.L.L. Construction, LLC, shall provide to plaintiffs within thirty (30) days of the date of this Order all of its books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to defendant's employees from April 1, 2007 to the present.

Order of Oct. 25, 2012, at 2 (Doc. 12).

Plaintiffs represent to the Court through the affidavit of their counsel, Mr. Matthew J. Gierse, that defendant, despite having been provided with a copy of the Court's Order, has failed to produce any of the documents as ordered.

**Discussion**

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil

2

contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. Chicago Truck Drivers, id. at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him); see also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant).

Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911). As a result, defendant's officer Mr. Anton L. Lumpkins, although not a party to this action, is subject to the Court's contempt power.

3

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that A.L.L. Construction, LLC has not produced records as ordered. At this point, the burden shifts to defendant and its officer, Mr. Lumpkins, to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) it was unable to comply, explaining why "categorically and in detail;" (2) its inability to comply was not "self-induced;" and (3) it made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant A.L.L. Construction, LLC and its officer Anton Lumpkins are ordered to show cause in writing why they should not be held in contempt of court for failure to produce records as ordered by the Court on October 25, 2012.

4

**IT IS FURTHER ORDERED** that a hearing is set for Thursday, **February 7, 2013**, at 2:00 p.m. in Courtroom No. 3-North of the Thomas F. Eagleton United States Courthouse, at which defendant A.L.L. Construction, LLC and its officer Anton Lumpkins may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Order of October 25, 2012. Because incarceration is a possible civil contempt sanction, defendant and Mr. Lumpkins have the right to representation by counsel. <u>Failure to appear for the hearing as ordered may subject Mr. Lumpkins to arrest by the United States Marshal's Service</u>.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order by first class mail and by certified mail, return receipt requested, to A.L.L. Construction, LLC, at the following three addresses:  4427 Geraldine Avenue, St. Louis, Missouri 63115; 3821 Melba Place, St. Louis, Missouri 63121; and 625 N. Euclid, Suite 401, St. Louis, Missouri 63112, and to A.L.L. Construction, LLC, c/o Anton L. Lumpkins, by first class mail and by certified mail, return receipt requested, at the same three addresses.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of January, 2013.

5