UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and BRANDON FLINN, RAYMOND LINEHAN, PASQUALE LOPICCOLO, CHARLES BEAN, DONALD WILLEY, GARY ELLIOTT, JAY SCHULTEHENRICH, DAVID A. GILLICK, BRAD GRANT, RICH LEDBETTER, ADAM KNOEBEL and NORMAN MERLO, Trustees of the Greater St. Louis Construction Laborers Welfare Fund, and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and, JEFFREY O'CONNELL, RICHARD McLAUGHLIN, PASQUALE LOPICCOLO, CHARLES BEAN, DONALD WILLEY, GARY ELLIOTT, JOSEPH W. BEETZ, JOSEPH LERITZ, DOUG WACHSNICHT, JOE HOETTE, WILLIAM L. LUTH and DONALD C. GRANT, Trustees of the Construction Laborers Pension Trust of Greater St. Louis, and ST. LOUIS VACATION FUND – VACATION PLAN, an employee benefit plan, and GARY ELLIOTT, BRANDON FLINN, PASQUALE LOPICCOLO, JAY SCHULTEHENRICH, NORMAN MERLO and WILLIAM L. LUTH, Trustees of the St. Louis Vacation Fund – Vacation Plan, and AGC–EASTERN MISSOURI LABORERS' JOINT TRAINING FUND, an employee benefit plan, and LARRY BLOOMER, DONALD WILLEY, PERRI PRYOR, GARY ELLIOTT, RICHARD McGUIRE, BRANDON FLINN, JOHN B. MORGAN, PHIL HOCHER, ROBERT J. WESOLICH, FRANCIS R. WOJEHOWSKI, CLIFF LAND, and JOHN J. SMITH, SR., Trustees of the AGC–Eastern Missouri Laborers' Joint Training Fund, and LOCAL UNION NOS. 42-53-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations, | No. 4:12-CV-1511 CAS |
| Plaintiffs, | |
| v. | |

| | |
|---|---|
| A.L.L. CONSTRUCTION, LLC | ) |
| A Missouri limited liability company, | ) |
| | ) |
| Defendant. | ) |

## **DEFAULT JUDGMENT**

Plaintiffs filed this action to recover, among other things, delinquent contributions and liquidated damages allegedly owed to the plaintiff employee benefit funds pursuant to 29 U.S.C. §§ 185 and 1132. Plaintiffs also seek to recover attorneys' fees, accounting fees, and costs incurred in this action. Plaintiffs served the complaint and summons on defendant A.L.L. Construction, LLC, on September 5, 2012. Defendant has not entered an appearance or filed an answer. A Clerk's Entry of Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, was entered on October 11, 2012. On October 25, 2012, the Court granted plaintiffs' Motion for Default Order to Compel an Accounting, and ordered defendant to provide to plaintiffs its books and records reflecting or pertaining to all hours worked by and wages paid to defendant's employees "from April 1, 2007 to the present." Order of Oct. 25, 2012 at 2 (Doc. 12).

Plaintiffs have established that defendant is party to collective bargaining agreements with Laborers Local Unions 42-53-110. These agreements require defendant to submit contributions to the Laborers Funds, and authorizes plaintiffs to examine the financial records of defendant to ascertain whether the required contributions were made.

Based on a payroll examination covering the period of April 1, 2007 through August 23, 2012, defendant owes plaintiffs $51,138.47 in unreported contributions. In addition, pursuant to the collective bargaining agreements and ERISA, 29 U.S.C. § 1132(g)(2), plaintiffs are owed $10,227.48 in liquidated damages and $8,113.52 in interest based on the unreported contributions for a total of $69,479.47 owed based on the payroll examination.

Furthermore, on the hours defendant did report to the funds, it was late for the months of July 2007, August 2007, and November 2007, and thus it incurred additional liquidated damages in the amount of $2,019.33. Therefore, the total amount owed to the Funds in unreported contributions, liquidated damages, and interest is $71,498.80.

Also, the collective bargaining agreements and ERISA, 29 U.S.C. § 1132(g)(2), require defendant to pay plaintiffs' attorneys' fees, accounting fees, and costs. Plaintiffs incurred $1,190.00 in payroll examination fees, $15,568.00 in attorneys' fees, and $403.74 in costs. Based on the evidence presented, the Court finds that the services performed by plaintiffs' accountants and attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable.

The total amount owed by defendants to plaintiffs during this time period is $88,660.54.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Second Motion for Default Judgment is **GRANTED**. [Doc. 31]

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that plaintiffs shall recover from defendant A.L.L. Construction, LLC, the total of Eighty-Eight Thousand Six Hundred Sixty Dollars and Fifty-Four Cents ($88,660.54).

**SO ORDERED**:

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of July, 2014.