# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 4:12-CV-1511 CAS |
| A.L.L. CONSTRUCTION, LLC, A Missouri limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibit. No response was filed to the motion to compel and the time to do so has passed. For the following reasons, the Court will grant the motion.

## I. Background

This is an action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a)(3)(ii) and 1145. The Complaint asserts that defendant A.L.L. Construction, LLC is bound by the provisions of a collective bargaining agreement that requires it to make monthly payments to the plaintiff employee benefit funds and to submit monthly report forms. Plaintiffs' Complaint sought an accounting for the period from April 1, 2007 to date; judgment for unpaid

contributions and liquidated damages due; and to require defendant to make future payments in accordance with the terms of the collective bargaining agreement.

Defendant was served with summons and complaint on September 5, 2012, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. A Clerk's Entry of Default finding defendant in default under Rule 55(a), Fed. R. Civ. P., was issued on October 11, 2012 (Doc. 11). On October 25, 2012, the Court issued an Order compelling an accounting, which ordered defendant to provide to plaintiffs within thirty (30) days "all of its books, legers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to defendant's employees from April 1, 2007 to the present." (Doc. 13) A payroll examination covering the period of April 1, 2007 through August 23, 2012 was performed.

On July 23, 2014, the Court granted plaintiffs' motion for default judgment and entered a default judgment against defendant in the amount of Eighty-Eight Thousand Six Hundred Sixty Dollars and Fifty-Four Cents ($88,660.54) (Doc. 35).

## II. Motion to Compel

Plaintiffs' motion to compel and the affidavit of attorney Janine M. Martin state that plaintiffs served a Notice of Rule 69 Deposition and Request for Production of Documents on Anton Lumpkins, as a representative of defendant, on May 9, 2018, by first-class United States Mail. The Notice required Mr. Lumpkins's attendance at the office of plaintiffs' counsel on May 29, 2018, at 3:00 p.m., and the simultaneous production of specified documents relevant to plaintiffs' efforts to collect the judgment in this case. The affidavit states that neither Mr. Lumpkins nor any other representative of defendant appeared at the deposition or produced any documents.

2

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, "[A] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Rule 69(a)(2) provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person–including the judgment debtor–as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P.

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of plaintiffs' counsel that defendant was properly noticed for deposition but failed to have its representative appear. Plaintiffs' motion to compel discovery should therefore be granted, and Mr. Anton Lumpkins, as a representative of defendant, will be ordered to appear for deposition at the offices of plaintiffs' counsel, and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery is **GRANTED**. [Doc. 47]

**IT IS FURTHER ORDERED** that Mr. Anton Lumpkins, as a representative of A.L.L. Construction, LLC, shall appear for deposition and produce the records requested in the Notice of Rule 69 Deposition and Request for Production of Documents, at the offices of plaintiffs' counsel on **Thursday, June 28, 2016**, at **3:00 p.m.**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this order by UPS Signature, in addition to first class U.S. Mail, on Mr. Anton Lumpkins, A.L.L. Construction, LLC, 3821 Melba Place, St. Louis, Missouri 63121.

                                                                      **CHARLES A. SHAW**
                                                                      **UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of June, 2018.